The order below is hereby signed.

Signed: June 20 2012



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
GOSPEL RESCUE MINISTRIES OF          )   Case No. 12-00405
WASHINGTON, D.C. INC.,               )   (Chapter 11)
                                     )   Not for publication in
            Debtor.                  )   West's Bankruptcy Reporter.

MEMORANDUM DECISION AND ORDER RE UTILITIES MOTION

Under consideration is the debtor's *Emergency Motion for Interim and Final Orders Pursuant to Section 366 of the Bankruptcy Code (I) Prohibiting Utility Providers From Altering, Refusing or Discontinuing Utility Services, and (II) Deeming Utility Providers Adequately Assured of Payment for Future Utility Services* (the "*Utilities Motion*") (Dkt. No. 18), and the representation in Exhibit 4 thereto that a $5,000 adequate assurance deposit has been made into the debtor's attorney's escrow account as a form of adequate assurance of payment of postpetition utility bills. The *Utilities Motion* was filed on June 18, 2012, day 20 of the case, only a day before day 21 of the case, a crucial date under 11 U.S.C. § 366, as discussed in part I, below. Day 30 of the case is a second crucial date under

§ 366, for purposes of this chapter 11 case, as discussed in part II, below.

I

If the debtor had made no provision for adequate assurance of payment of postpetition utility bills by day 21 of the case, 11 U.S.C. § 366(b), as an exception to 11 U.S.C. § 366(a), would have altered the general rule of § 366(a) that a utility may not discontinue service to the debtor based on failure to pay a debt when due for services rendered before the date of the order for relief (which date, in a voluntary case such as this, is the petition date).  Section 366(b) permits such a discontinuation of service if neither the trustee[1] nor the debtor, "within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date."  Had the debtor made no deposit by day 21 of the case (the 20th day after the date of the order for relief), § 366(b) would have permitted the utility to discontinue service in accordance with nonbankruptcy law based on any default in making payment of a debt for prepetition services, if, under nonbankruptcy law, such default would justify such discontinuation of service.

---

[1] In this case, there is no trustee.  The debtor is serving as a debtor in possession under 11 U.S.C. § 1101(1), and no trustee has been appointed to terminate the debtor's debtor in possession status.

Here, the debtor has furnished a deposit in an attempt to provide adequate assurance of payment. What if the deposit is *not* adequate assurance of payment? That appears to be answered by the second sentence of § 366(b):

> On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

If what the debtor furnished *was* adequate assurance of payment, then a modification of the amount of the debtor's deposit (or other security) would not be "necessary to provide adequate assurance of payment." In other words, § 366(b) apparently plays out this way: if by day 21 of the case the debtor furnishes a deposit that the debtor believes is adequate assurance of payment, the prohibition of § 366(a) against discontinuance of service continues, unless and until the utility obtains an order for modification of the deposit the debtor furnished (if the deposit in fact was *not* adequate assurance of payment), and the debtor fails, by the deadline set by the order, to furnish the modified deposit required to provide adequate assurance of payment. *See In re Circuit City Stores, Inc.*, 2009 WL 484553, at *4 (Bankr. E.D. Va. Jan. 14, 2009).

I have located no decision that takes a different view of § 366(b). Nevertheless, in isolation, the first sentence of § 366(b) suggests that the utility could lawfully treat itself as not bound by the stay of § 366(a) if all that the debtor

3

furnished in the first 21 days of the case did *not* furnish adequate assurance of payment.[2]  A court, however, ought not read a sentence of a statute in isolation, and the second sentence of § 366(b) strongly suggests that the onus falls on the utility first to obtain an order finding that what the debtor furnished was not adequate assurance of payment before it may treat the bar of § 366(a) as no longer applicable.  The *Utility Motion* appears to assume that the debtor need not obtain an order for the purpose of guarding against a utility's treating § 366(b) in a manner contrary to that interpretation, and, accordingly, I need not resolve this issue that is not before me.[3]

II

Day 30 of the case falls on June 28, 2012.  Day 30 of a chapter 11 case is a significant date because 11 U.S.C. § 366(c)(2) provides that in a chapter 11 case a utility may discontinue utility service "if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to

---

[2]  Of course, if a utility were entitled to so proceed, it would proceed at the risk that the court might disagree with its view that what the debtor furnished was not adequate assurance of payment.

[3]  If the debtor needed to guard against such a possibility, it ought to have filed its *Utility Motion* well prior to day 21 of the case, obtained a hearing date, and given notice of that hearing to address entering an interim order.

4

the utility."  Accordingly, as of day 31 of the case, a utility, absent an order of the court to the contrary, is free under § 366(c)(2), as an exception to § 366(a), to discontinue service under nonbankruptcy law if unsatisfied with the form of adequate assurance of payment tendered by the debtor.  The court can enter an order under § 366(c)(3) decreeing a form of adequate assurance of payment different than what the utility would deem satisfactory under § 366(c)(2).  The debtor seeks an interim order before a final hearing to address entry of such an order on a final basis, and requests the court to enter the interim order without requesting that the court set a hearing on the request for entry of the interim order.  The court declines to enter an interim order prior to the utilities being given notice of an opportunity to oppose the entry of an interim order.  The court will *sua sponte* set a hearing on entering an interim order before the thirty-first day of the case, and will set a final hearing to be held at a later date.  It is thus

    ORDERED that a hearing to address whether to enter the debtor's proposed interim order will be held on June 25, 2012, at 10:30 a.m.  It is further

    ORDERED that by June 21, 2012, the debtor's counsel (or someone acting on his behalf) shall contact the legal department of each affected utility by telephone or fax or e-mail transmission to alert the utility to the hearing set for June 25,

2012, and that prior to the hearing the debtor's counsel shall file a certificate of having done so.  It is further

ORDERED that any objections to entry of the interim order must be filed by 9:30 a.m. on June 25, 2012, and if no objection is filed, the court may enter the interim order without an actual hearing.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Office of United States Trustee; and, by hand-mailing by the clerk:

COMCAST
P.O. Box 3005
Southeastern, PA 19398-3005

Verizon Wireless
P.O. Box 25505
Lehigh Valley, PA 18002-5505

Verizon
P.O. Box 660720
Dallas, TX 75266-0720

Pepco
P.O. Box 13608
Philadelphia, PA 19101-3608

DC Water and Sewer Authority
Customer Service Department
P.O. Box 97200
Washington, D.C. 20090

Washington Gas
P.O. Box 37747
Philadelphia, PA 19101-5047

Robert E. Greenberg
Friedlander Misler
1101 Seventeenth Street NW
Suite 700
Washington, D.C. 20036