IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| GOSPEL RESCUE MINISTRIES OF WASHINGTON, D.C. INC. | * | Case No: 12-00405-SMT (Chapter 11) |
| | * | |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT BETWEEN
DEBTOR AND JACKSON PRENTICE REAL ESTATE SERVICES, LLC

Gospel Rescue Ministries of Washington, D.C. Inc., the debtor and debtor in possession herein (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 105(a) (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), files this Motion for Approval of Settlement Agreement between Debtor and Jackson Prentice Real Estate Services, LLC, and states as follows:

Jurisdiction, Venue, and Statutory Predicate

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are § 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

Background

4. On May 30, 2012 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief pursuant to Chapter 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business and affairs as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtor is a corporation, organized and existing under the District of Columbia Nonprofit Corporation Act, with its principal place of business in the District of Columbia. The Debtor is a non-denominational Christian social service agency.

6. Among the assets of the Debtor's estate is a of real property located at 512 I Street, NW, Washington, D.C. (the "I Street Property"), 810 5th Street, NW, Washington, D.C. (the "5th Street Property"), and 1733 T Street, SE, Washington, DC.

7. On or about March 21, 2012, the Debtor entered into an Exclusive Authorization to Sell the I Street Property (the "JPRES Agreement") with Jackson Prentice Real Estate Services, LLC ("Jackson Prentice"). A copy of the JPRES Agreement is attached as **Exhibit 1** and incorporated herein by reference.

8. Pursuant to the JPRES Agreement, Jackson Prentice agreed to make all reasonable efforts to obtain a purchaser for the Property, and the Debtor granted the exclusive rights to Jackson Prentice to sell the Property for a period of 180 days from the date of the JPRES Agreement, unless extended by mutual agreement.

9. Prior to the Petition Date, Jackson Prentice showed the I Street Property and also showed the 5th Street Property to Rock Creek Property Group, LLC, The JBG Companies, Monument Realty, Douglas Development Corporation, Akridge Co., and MidAtlantic Realty Partners, LLC.

10. The Debtor wishes to terminate the JPRES Agreement and is not seeking to list or sell the I Street Property at this time. Instead, the Debtor will focus its efforts on a sale of the 5th Street Property. In that regard, the Debtor has sought Court approval of the employment of CBRE Inc. ("CBRE"), a national real estate firm, to assist with the sale process.

11. Pursuant to settlement discussions between the Debtor and Jackson Prentice, and pursuant to the Exclusive Sales Listing Agreement (the "Listing Agreement") and the Motion to Retain CBRE Inc. as Commercial Real Estate Broker to the Debtor, filed on even date herewith, the Debtor, Jackson Prentice and CBRE have agreed that:

> In accordance with Section 5.1 of the Listing Agreement, subject to approval of the Court, CBRE's sole and exclusive compensation for its services hereunder shall be a fee (the "Fee") equal to a percentage of the gross sales price (such Fee to be shared with Jackson Prentice solely to the extent expressly set forth hereinbelow) as follows:

| If the purchaser is: | CBRE | Jackson Prentice | Total Fee as % of gross sales price |
|---|---|---|---|
| Rock Creek Property Group, LLC* | 2.50% | 1.00% | 3.50% |
| The JBG Companies* | 2.50% | 0.75% | 3.25% |
| Monument Realty* | 2.50% | 0.75% | 3.25% |
| Douglas Development Corporation* | 2.50% | 0.75% | 3.25% |
| Akridge Co. * | 2.50% | 0.75% | 3.25% |
| MidAtlantic Realty Partners, LLC* | 2.50% | 0.75% | 3.25% |
| Any other purchaser | 3.00% | 0.00% | 3.00% |
| * or any entity in which such entity holds a 50% or greater equity interest | | | |

> As used herein, "gross sales price" shall include any and all consideration received or receivable, in whatever form, including but not limited to assumption or release of existing liabilities; provided, however, that "gross sales price" shall not include any consideration related to, associated with, or arising from leaseback arrangements, if any.

Jackson Prentice will release any and all other claims against the Debtor.

<u>Requested Relief and Reasons Therefor</u>

12.    Rule 9019(a) of the Bankruptcy Rules, which governs the approval of compromises and settlements, provides in pertinent part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy Rule 9019(a).

13.    In approving a compromise or settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise and settlement is fair and equitable based on an:

> [E]ducated estimate of the complexity, expense and likely duration of [any] litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968). *See Depo v. Chase Lincoln First Bank, N.A.* (*In re Depo*), 77 B.R. 381, 383 (N.D. N.Y. 1987), *aff'd*, 863 F.2d 45 (2d Cir. 1988); *American Can Co. v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 605, 607 (5th Cir. 1980); *Chopin Assoc. v. Smith* (*In re Holywell Corp.*), 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988); *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988); *In re Bell & Beckwith*, 77 B.R. 606, 611 (Bankr. N.D. Ohio 1987), *aff'd*, 87 B.R. 472 (N.D. Ohio 1987); *Cf. Magill v. Springfield Marine Bank* (*In re Heissinger Resources, Ltd.*), 67 B.R. 378, 383 (C.D. Ill. 1986) ("the law favors compromise").

14. In making its determination, the Court should consider whether the proposed compromise is in the "best interest of the estate." *Depo*, 77 B.R. at 383. As stated in *Arrow Air*, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion." *Arrow Air*, 85 B.R. at 891. In passing upon a proposed settlement, "the bankruptcy court does not substitute its judgment for that of the Trustee [or debtor in possession]." *Depo*, 77 B.R. at 384 (citations omitted). Nor is the bankruptcy court "to decide the numerous questions of law and fact raised by [objectors] but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983), cert denied, 464 U.S. 822 (1983) (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972), cert denied, 409 U.S. 1039 (1972)). *See Holywell*, 93 B.R. at 294 ("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested falls below the 'lowest point in the range of reasonableness'") (quoting *In re Teltronics Services, Inc.*, 762 F.2d 185, 189 (2d Cir. 1985)). In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee [or debtor in possession], the parties and their counsel." *Bell & Beckwith*, 77 B.R. at 512.

15. The factors to be considered by the Court in determining whether to approve a compromise or settlement include:

    (i)    probability of success in the litigation, with due consideration for the uncertainty in fact and law;

    (ii)    the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and

    (iii)    all other factors bearing on the wisdom of the compromise.

*Arrow Air*, 85 B.R. at 891 (*citing TMT Trailer Ferry*, 390 U.S. at 424-25). *See Jackson Brewing Co.*, 624 F.2d at 507; *Holywell Corp.*, 93 B.R. at 294-95 (citations omitted).

16. After extensive discussions and negotiations, the parties have agreed to the settlement and compromise in order to clarify the rights of the parties and avoid any future disputes. The settlement will permit the Debtor to terminate the JPRES Agreement and move forward with the sale of the 5th Street Property.

17. Pursuant to the settlement, and subject to the Court's approval of the settlement, all claims, demands, and causes of action between the Debtor and Jackson Prentice will be settled and compromised as set forth herein.

18. The Debtor respectfully submits that the settlement satisfies each of the criteria outlined above and is fair and reasonable and in the best interest of its estate. Accordingly, and based on the foregoing, it is respectfully requested that the Court approve the settlement on the terms and conditions set forth therein.

<u>Notice</u>

19. Notice of this Motion has been given to the following parties or to their counsel, if known: (a) the appropriate party identified as the notice party in the settlement; (b) the Debtor's twenty largest unsecured creditors; (c) the Debtor's secured creditors; (d) the United States Trustee; and (e) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtor requests that the notices set forth in this paragraph be deemed adequate and complete under the circumstances and that any further notice of the motion or of the relief requested herein be dispensed with and waived.

- 6 -

20.    Pursuant to Local Rule 9013-2, the Debtor states that, in lieu of submitting a memorandum in support of this Motion, it will rely solely upon the grounds and authorities set forth herein.

WHEREFORE, the Debtor requests entry of an Order authorizing the Debtor to enter into the settlement and granting such other and further relief as this Court deems just and proper.

       /s/ Paul Sweeney
Paul Sweeney, 429738
Yumkas, Vidmar & Sweeney, LLC
2530 Riva Road, Suite 400
Annapolis, Maryland  21401
(443) 569-5972
psweeney@yvslaw.com

Counsel for Debtor

- 7 -

## CERTIFICATE OF SERVICE

       I hereby certify that on this 24th day of July 2012, notice of filing the Motion for Approval of Settlement Agreement between Debtor and Jackson Prentice Real Estate Services, LLC (the "Motion") was sent electronically to those parties listed on the docket as being entitled to such electronic notice, and a copy of the Motion was mailed first class, postage prepaid to the Debtor's secured creditors, the twenty largest unsecured creditors, and the United States Trustee, as shown on the attached service list.

                                            /s/ Paul Sweeney
                                            Paul Sweeney

Case 12-00405    Doc 55    Filed 07/24/12    Entered 07/24/12 14:11:33    Desc Main
                         Document      Page 8 of 8

Joseph A. Guzinski, Esquire
Office of the U.S. Trustee
115 South Union Street, Room 210
Alexandria, Virginia  22314

Robert E. Greenberg, Esquire
Friedlander Misler
1101 Seventeenth Street NW,
Suite 700
Washington, D.C.  20036

OBA Bank
20300 Seneca Meadows Parkway
Germantown, MD 20876

Aetna
P. O. Box 7247-0221
Philadelphia, PA 19170

Capital Area Food Bank
645 Taylor Street, NE
Washington, DC 20017-2063

Comdata
5301 Maryland Way
Brentwood, TN 37027

Comptroller of Maryland
80 Calvert Street, Room 121
Annapolis, MD 21401

DC Unemployment
P. O. Box 96664
Washington, DC 20090-6664

DC Withholding
1101 4th Street, SW
Washington, DC 20024

Eleuthera Institute
46 South Glebe Road, Suite 102
Arlington, VA 22204

Fitzgerald, Snyder & Co., P.C.
7900 Westpark Drive, Suite T600
McLean, VA 22102

Gammon & Grange, P.C.
8280 Greensboro Drive, 7th Floor
McLean, VA 22102-3807

GE Capital
P. O. Box 642333
Pittsburgh, PA 15264-2333

Grizzard
P. O. Box 534196
Atlanta, GA 30353-4196

Internal Revenue Service
Centralized Insolvency Unit
P. O. Box 7346
Philadelphia, PA 19101-7346

Jennifer Sullivan
318 Prince Street, #7
Alexandria, VA 22314-3342

Pitney Bowes Global
Financial Services
7630 Little River Turnpike
Annandale, VA 22003

Scafford F. Forte CPA
914 Silver Spring Avenue, Suite 204
Silver Spring, MD 20910

William D. White, Esquire
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, Virginia  22102

Jackson B. Prentice
Jackson Prentice Real Estate Services
3815 Benton Street, NW
Washington, D.C.  20007