**The document below is hereby signed.**

**Dated: August 29, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                  UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
GOSPEL RESCUE MINISTRIES OF    )   Case No. 12-00405
WASHINGTON, D.C. INC.,         )   (Chapter 11)
                               )   Not for publication in
                Debtor.        )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER
DENYING DEBTOR'S APPLICATION TO EMPLOY GARY P. FITZGERALD,
CPA AND FITZGERALD & CO., CPAS P.C. AS ACCOUNTANTS AND AUDITORS

The debtor in possession seeks to employ Gary P. Fitzgerald, CPA and Fitzgerald & Co., CPAs P.C. ("Fitzgerald & Co.") as its accountants and auditors. The application will be denied for two reasons.

I

In relevant part, 11 U.S.C. § 101(14) defines the term "disinterested person" to mean a person that, among other things, "is not a creditor . . ." and "is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor." Fitzgerald & Co. has not waived *in toto* its prepetition claim against the debtor. Accordingly, it remains a creditor. A creditor is not a

disinterested person who can be employed under 11 U.S.C. § 327(a),[1] and this is not altered by 11 U.S.C. § 1107(b)[2] because the exception in § 1107(b) to the disinterestedness requirement of § 327(a) applies only when the *sole* reason for lack of disinterestedness is prior employment by the debtor. *See U.S. Trustee v. Price Waterhouse*, 19 F.3d 138 (3d Cir. 1994) (Alito, J.); *Pierce v. Aetna Life Ins. Co. (In re Pierce)*, 809 F.2d 1356, 1362 (8th Cir. 1987); *In re Siliconix, Inc.*, 135 B.R. 378 (N.D.Cal. 1991); *In re LKM Indus., Inc.*, 252 B.R. 589, 594-5 (Bankr. D. Mass. 2000); *In re Jaimalito's Cantina Assoc. L.P.*, 114 B.R. 1 (Bankr. D.D.C. 1990). *See also Michel v. Eagle-Picher Indus., Inc. (In re Eagle-Picher Indus., Inc.)*, 999 F.2d 969, 972 (6th Cir. 1993) (under a prior Code definition of disinterested person, Goldman Sachs was not a disinterested person because

---

[1] Section 327(a) provides with exceptions of no relevance here that:

> the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

[2] Section 1107(b) provides:

> Notwithstanding section 327(a) of this title, a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case.

2

Goldman Sachs was an investment banker for outstanding securities of the debtor, and was ineligible for employment under § 327(a) despite § 1107(b)); *Childress v. Middleton Arms, L.P. (In re Middleton Arms, L.P.)*, 934 F.2d 723, 725 (6th Cir. 1991) (insider was not a disinterested person, and was ineligible for employment under § 327(a) despite § 1107(b)).

Although the later decision of *In re Talsma*, 436 B.R. 908 (Bankr. N.D. Tex. 2010), concluded that § 1107(b) does provide an exception from the disinterestedness requirement in the case of a professional previously employed by the debtor who is also a creditor, its reasoning, and its attempts to distinguish prior contrary decisions are unpersuasive.  For example, the court observed that the court of appeals in *Price Waterhouse* failed to address the effect of section 1107(b) on the requirement of disinterestedness.  *In re Talsma*, 436 B.R. at 917 n.19  However, the court of appeals in *Price Waterhouse* stated that § 327(a) and the Code's definitions of disinterested person and creditor:

> unambiguously forbid a debtor in possession from retaining a prepetition creditor to assist it in the execution of its Title 11 duties.  *See, e.g., In re Eagle-Picher Indus., Inc.*, 999 F.2d 969, 972 (6th Cir. 1993); *In re Middleton Arms, Ltd. Partnership*, 934 F.2d 723, 725 (6th Cir. 1991); *In re Pierce*, 809 F.2d 1356, 1362-63 (8th Cir. 1987); *In re Hub Business Forms, Inc.*, 146 B.R. 315, 320 (Bankr. D. Mass. 1992); *In re Patterson*, 53 B.R. 366, 371-73 (Bankr. D. Neb. 1985).

*Price Waterhouse*, 19 F.3d at 141.  Each of the five decisions cited in that passage addressed the impact of § 1107(b) on the

requirement of disinterestedness. *See, e.g.,  In re Eagle-Picher Indus.*, 999 F.2d at 972 ("As the court in *Middleton Arms* made clear, section 1107(b) is a narrow exception, meant to apply only when the sole reason for disqualification is former employment.").[3]  It is evident that the court of appeals in *Price Waterhouse* was well aware of the argument professionals had made in those cited decisions regarding § 1107(b), and concluded that § 1107(b) had no impact on the requirement of disinterestedness when the professional was a creditor in addition to having been previously employed by the debtor.

                                II

The application at issue fails to address, "to the best of the [debtor's] knowledge," the proposed professional's connections with the entities specified by Fed. R. Bankr. P.

---

[3]  *See also In re Pierce*, 809 F.2d at 1362 n.18; *In re Hub Business Forms*, 146 B.R. at 320 ("with respect to applications filed pursuant to section 327(a) there is no exception carved out by section 1107(b) of the Bankruptcy Code for professionals who are creditors of the debtor's estate for services performed unrelated to the bankruptcy filing"); *In re Patterson*, 53 B.R. at 371-72.

4

2014(a),[4] and the accompanying verified statement fails to set forth the proposed professional's connections with the specified entities.[5]  The verified statement submitted with the application recites Fitzgerald & Co.'s prior representation of the debtor and the amounts that the debtor owed to Fitzgerald & Co., and then recites:

> Fitzgerald & Co. does not have or represent any interest materially adverse to the interest of the Debtor, or of any class of creditors or equity security holders of the Debtor, by reason of any direct or indirect relationship to, connection with or interest in the Debtor, or for any other reason . . . . Fitzgerald & Co. has no relationship with the United States Trustee or any person employed in the Office of the United States Trustee other than a professional and is a "disinterested person" as that term is defined under 11 U.S.C. § 327 and § 101(14).

That plainly does not address connections with each of the class of entities listed in the rule.  In addition, it is for the

---

[4]  Rule 2014(a) provides in part that the application must state:

> **to the best of the applicant's knowledge**, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

[Emphasis added.]

[5]  Rule 2014(a) recites in part:

> The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

5

court, not the applicant, to decide whether a connection is disqualifying.

### III

In light of the foregoing, it is

ORDERED that the *Debtor's Application to Employ Gary P. Fitzgerald, CPA and Fitzgerald & Co., CPAs P.C. as Accountants and Auditors* (Dkt. No. 64) is DENIED without prejudice to renewal in the event that Fitzgerald & Co., CPAs waives *in toto* its prepetition claim.

[Signed and dated above.]

Copies to: Recipients of e-notification.