**The document below is hereby signed.**

**Dated: January 7, 2013.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
GOSPEL RESCUE MINISTRIES OF    )    Case No. 12-00405
WASHINGTON, D.C. INC.,         )    (Chapter 11)
                               )
            Debtor.            )
```

MEMORANDUM DECISION AND ORDER HOLDING RULE 9006(f)
INAPPLICABLE TO COMPUTATION OF THE 14-DAY PERIOD IN RULE 4001(c)

The debtor served its Rule 4001(c) motion by regular mail. Rule 4001(c)(2) provides that a final hearing on a motion for authority to obtain credit may commence "no earlier than 14 days after service of the motion." Rule 9006(f) provides:

> When there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail . . . three days are added after the prescribed period would otherwise expire under Rule 9006(a).

An issue has arisen whether Rule 9006(f) applies to alter the earliest permissible date for holding a hearing under Rule 4001(c)(2).

An argument exists, as follows, that it does. Rule 9006(f) provides that if there is "a right or requirement . . . to act . . . within a prescribed period" after service when service is

made by mail, "three days are added" to the prescribed period. Here, the court had "a right or requirement . . . to act" to hold a final hearing "within a prescribed period," namely, no earlier than "14 days after service of the motion." Service of the Rule 4001(c) motion was made by mail. Accordingly, three days must be added to the prescribed period. The prescribed 14-day period must be enlarged by 3 days.[1]

Nevertheless, the Rule 9006(f) does not apply to the computation of the 14-day period in Rule 4001(c)(2). As pertinent here, Rule 9006(f) is part of the time computation rules set forth in Rule 9006 regarding deadlines for responding

---

[1] Moreover, the time period fixed by Rule 4001(c)(2) does not turn on the date of the filing of the motion but instead on the date of service. Nor is this a case of measuring a deadline for holding a hearing within a period of days "after a request" as under 11 U.S.C. § 362(e). Rule 9006(f) appears to be inapplicable to § 362(e) because the statute does not refer to service and does not impose a "right or requirement to act or undertake some proceedings" after service. The deadline after service of a lift stay motion for filing an opposition is distinct from the 30-day deadline imposed by § 362(e) for holding a hearing after filing of the motion in order to avoid automatic termination of the automatic stay. *See In re Blobaum*, 34 B.R. 962, 963 (Bankr. W.D. Mo. 1983) (automatic stay terminated 30 days after date of filing of motion for stay relief). *But see In re Hyatt*, 2011 WL 6736073 at *3 n.10 (Bankr. D. Idaho Dec. 21, 2011) ("Stay relief motions, if opposed, must be heard at a preliminary hearing held within 33 days of the service of the motion. See § 362(e); Fed. R. Bankr.P. 4001(a)(1), 9006(d), 9006(f), and 9014; LBR 4001.2(c), (e)(1), (e)(2)."). If Rule 9006(f) does not apply to computing the 14-day period under Rule 4001(c)(2) despite the use of the word "service" in Rule 4001(c)(2), it stands to reason that Rule 9006(f) even more plainly does not apply to the 30-day period in § 362(e) (which does not use the word "service").

to a paper, and is designed to enlarge the time for a party to respond to a paper when that paper is served by mail.  That Rule 9006 is concerned with deadlines for responding to a paper is made evident by Rule 9006(a)(3) and (4) which address computing the time "for filing."

That Rule 9006(f) addresses deadlines for entities to act when served with a paper by, *e.g.*, mail, is also made evident by the 1983 Advisory Committee Note to Rule 9006(f), which stated that the rule "is new and is the same as Rule 6(e) F.R. Civ. P." In turn, Rule 6(e) applied only if "**a party** has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party . . . ."   [Emphasis added.] Rule 6(e), as it was then written and as it is currently written,[2] does not suggest that it applies to a limitation on how soon a court may hold a hearing after service of a motion, and there is nothing in the Advisory Committee Notes to Rule 9006(f) to suggest that it is to be applied differently than Rule 6(e).  Rule 9006(f) likely omitted the reference to a party that has a time-limit for acting because Rule 9006(f) applies not only to a party in an adversary proceeding or contested matter but also to a creditor who is given notice (*e.g.*, of the time to vote on or object to a plan),

---

[2] Rule 6(e) now only applies if "**a party** may or must act within a specified time after service . . . ." [Emphasis added.]

3

and who is not at the stage of the issuance of the notice a party to any adversary proceeding or contested matter.

Moreover, the 2005 Advisory Committee Note to Rule 9006(f) stated:

> Rule 9006(f) is amended, consistent with a corresponding amendment to Rule 6(e) of the F.R. Civ. P., to clarify the method of counting the number of days **to respond after service** either by mail or under Civil Rule 5(b)(2)(C) or (D).

[Emphasis added.] No case law suggests that Rule 9006(f), as part of the Rule 9006 rules for computing the time for a party in interest to file a response or perform some other act, addresses rules regarding how soon a hearing may be set.

Finally, the point is clinched by the 1987 Advisory Committee Note to Rule 4001, addressing the similar limitation on how soon the court could hold a hearing on a Rule 4001(b) motion to use cash collateral.  As of 1987, the earliest date for holding a final hearing under Rule 4001(b) was 15 days, and the Advisory Committee Note stated that "Rule 9006(f) does not extend this 15 day period when service of the motion is by mail because the party served is not required to act within the 15 day period."  That Advisory Committee Note then observed that for Rule 4001(c), the provision at issue here, "[t]he service, hearing, and notice requirements are similar to those imposed by subdivision (b)."

Accordingly, the court will not apply Rule 9006(f) to change

4

the earliest date on which the court can hold a hearing under

Rule 4001(c)(2).

[Signed and dated above.]


Copies to: Recipients of e-notification of orders.