IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| GOSPEL RESCUE MINISTRIES OF WASHINGTON, D.C. INC. | * | Case No: 12-00405-SMT (Chapter 11) |
| | * | |
| Debtor | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

DEBTOR'S OBJECTION TO CLAIM OF
<u>COMMONWEALTH OF VIRGINIA DEPARTMENT OF TAXATION</u>
(Claim No. 20)

Gospel Rescue Ministries of Washington, D.C. Inc., formerly known as Gospel Mission of Washington, D.C. Inc., formerly known as The Gospel Mission, a District of Columbia corporation, the debtor and debtor in possession herein (the "Debtor"), by counsel, files this Objection to Claim of Commonwealth of Virginia Department of Taxation ("Claimant") (Claim No. 20), and in support thereof states as follows:

<u>Preliminary Statement</u>

1.  The Court should disallow or strike the proof of claim filed by Claimant because Claimant inaccurately stated its pre-petition claim. In addition, the amount claimed by Claimant may also be claimed by another of Debtor's claim holders.

<u>Jurisdiction and Venue</u>

2.  This Court has jurisdiction over claims filed against the Debtor pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. §§ 501-502.

3.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  This objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) arising from and relating to the Chapter 11 case of the Debtor, which is currently pending in this Court.

General Background

5. On May 30, 2012, the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Code"). The Debtor continues in possession of its property and in control of its affairs pursuant to §§ 1107 and 1108 of the Code.

6. This Court has jurisdiction over this objection pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (D).

7. The Debtor is a corporation, organized and existing under the District of Columbia Nonprofit Corporation Act, with its principal place of business in the District of Columbia. The Debtor is a non-denominational Christian social service agency. Founded in 1906, the Debtor provides shelter for the homeless, free meals for the hungry, in-house addiction treatment, and educational opportunities for developing vocational skills.

8. Claimant filed Proof of Claim No. 20 on September 7, 2012, which describes an unsecured claim in the amount of $2,348.47 for "taxes." On the proof of claim, $702.25 is designated as unsecured and $1,646.21 is the amount entitled to priority.

Legal Standard

9. Section 502(a) of the Bankruptcy Code provides, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects." Section 502(b) of the Bankruptcy Code further provides, in relevant part:

> Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than such claim is contingent or unmatured . . .

10. Bankruptcy Rule 3001 provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of

the claim." Therefore, a properly executed proof of claim shifts the burden of producing evidence to the objector, however the burden of persuasion remains at all times with the claimant. *In re Friedman*, 436 F. Supp. 234, 237 (D. Md. 1977).  Once an objecting party overcomes the *prima facie* effect given to the proof of claim, the claimant must prove the validity of the claim by a preponderance of the evidence. *In re Harrison*, 987 F.2d 677 (10th Cir. 1993); *accord In re Allegheny Int'l, Inc.*, 954 F.2d 167, 26 C.B.C.2d 663 (3d Cir. 1992).

11. In order to meet its burden of persuasion, the Claimant must provide an accounting or sufficient detail supporting the amount claimed pursuant to Rule 3001(f).

12. Local Bankruptcy Rule 3007-1(b) states that

> b) an objection to a claim must:
> 1) state with particularity the grounds of the objection;
> 2) set forth the relief requested;
> 3) attach any affidavit (or 28 U.S.C. § 1746 declaration under penalty of perjury) or memorandum filed in support of the objection;
> 4) attach a notice complying with [Official Form 20B];
> 5) include the proposed order required by LBR 9072-1; and
> 6) include a certificate of service complying with LBR 5005-3 and reflecting service as required by [LBR 3007-1(f)][1].

## Basis for Relief

18. Debtor asserts that the Claimant has inaccurately stated its pre-petition claim.  In addition, the amount claimed by Claimant may also be claimed by another of Debtor's claim holders.

19. In light of the foregoing, the Debtor asserts that the amount that the Claimant alleges is due and owing is incorrect and unsupported.

20. No previous application for the relief requested herein has been made to this or any other court.

---

[1] Local Bankruptcy Rule 3007-1(f) states,
(f) Service.  The objecting party must serve copies of the objection to claim and the papers that must accompany it under paragraph (b) by mailing the copies to the creditor at the address for notices that appears on the proof of claim….

WHEREFORE, for the reasons stated herein, Gospel Rescue Ministries of Washington, D.C. Inc. respectfully requests that the Court enter an Order:

    A.    Sustaining the Objection;

    B.    Disallowing Claim No. 20 of Commonwealth of Virginia Department of Taxes; and

    C.    Granting such other and further relief as the Court deems just and proper.

Dated: March 4, 2013

*/s/ Paul Sweeney*
Paul Sweeney, 429738
Camille G. Fesche, MD29979
Yumkas, Vidmar & Sweeney, LLC
2530 Riva Road, Suite 400
Annapolis, Maryland 21401
(443) 569-5972
psweeney@yvslaw.com

*Counsel for Debtor*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 4th day of March 2013, notice of filing of the Debtor's Objection to Claim of Commonwealth of Virginia Department of Taxation (Claim No. 20) (the "Objection") was sent electronically to those parties listed on the docket as being entitled to such electronic notice, and a copy of the Objection was mailed first class, postage prepaid to the contacts listed on the proof of claim and to the parties requiring service in accordance with Fed. R. Bankr. P. 7004, as shown on the attached service list.

                /s/ Paul Sweeney
                Paul Sweeney

Commonwealth of Virginia
Department of Taxation
P.O. Box 2156
Richmond, VA 23218-2156

Mark K. Ames
Bankruptcy Counsel
Taxing Authority Consulting
Services, P.C.
P.O. Box 2156
Richmond, VA 23218

Kenneth T. Cuccinelli, II, Esq
Attorney General of Virginia
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Governor Bob McDonnell
Office of the Governor
Patrick Henry Building, 3rd Floor
1111 East Broad Street
Richmond, Virginia 23219