The document below is hereby signed.

Signed: April 10, 2013



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GOSPEL RESCUE MINISTRIES OF | ) | Case No. 12-00405 |
| WASHINGTON, D.C. INC., | ) | (Chapter 11) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE OBJECTION PITNEY BOWES' CLAIMS

The debtor has objected to the claims filed by Pitney Bowes, Inc., one a rejection claim, and the other a prepetition claim.

I

The objection states:

Debtor asserts that the Claimant did not provide services as required by the contract and disputes the value and extent of the services actually provided by Claimant. Further Claimant has inaccurately stated its pre-petition claim.

Although Pitney Bowes, Inc. may appear in this court only through an attorney, that does not apply to the filing of a proof of claim. In response to the objection to the first claim, a representative of Pitney Bowes, Inc. has filed a letter with the clerk attaching documents, and informally amending its first proof of claim (Dkt. No. 262). The letter states:

> Pitney Bowes has reviewed the objection notice on the above referenced account for the mailing equipment lease contract and disagree in its entirety.  We request that you review the debtor's books and records along with the back-up I have provided on this account.  Ellis Hodges, Director of Development for Gospel Rescue Ministries entered a contract lease with Pitney for 21 quarters (63 months) dated on December 14, 2009. The debtor had a balance forward due for $3,434.03 and a contract balance of 34,935.00.
>
> Since then we filed a Rejection Damages claim for the balance forward and contract balance left on lease with the court on June 11, 2012 for $38,369.03 our claim #1.
>
> We request you review the account and allow the full Rejection Damages claim.  I have attached all the back up along with the signed contract.

Pitney Bowes, Inc. has also filed a letter with respect to the second proof of claim, informally amending that proof of claim (Dkt. No. 265).  The letter states:

> Pitney Bowes has reviewed the objection notice on the above referenced account for Purchase Power and disagree in its entirety.  We request that you review the debtors Books and records along with the back up I have provided on this account. Purchase Power is a line of credit in which the customer resets the meter for postage intern [sic: likely meant "In turn,"] Pitney Bowes bills them on the next monthly bill.
>
> On September 15, 2010 the debtor had a pre-petition balance of $7,692.09. These amounts stem from postage meter resets dated January 15, 2010 through June 15, 2010.
>
> Please review the account and allow the full Pre-Petition of $7,692.09 that was filed on June 11,2010 claim #2.

II

Although Pitney Bowes has not filed a response, through an attorney, to the objection to its claims, the objection cannot be sustained based on Pitney Bowes' being in default.  The debtor has not specified the amount of each claim that it concedes is owed, nor has it included with the objection evidence (such as an affidavit) to rebut the prima facie validity of the claim.  Even if the claims are not entitled to be treated as prima facie valid, the lack of a response does not suffice to warrant disallowing the claims.  The debtor acknowledges that some amount may be owed on each claim, but fails to acknowledge what amount is owed.  A party objecting to a claim because it is excessive has an obligation to indicate the amount that it concedes is owed.

In any event, the proofs of claim have been informally amended by letters to provide greater detail regarding the bases for the claims.  If the letters are accurate in their recitation of facts, the debtor ought to explain why those facts ought not result in allowance of the claims.[1]

III

In accordance with the foregoing, it is

---

[1] If the debtor stands on the technicality that the proofs of claim have not been formally amended, and that technicality had merit, the court would give Pitney Bowes the opportunity to file formal amended proofs of claim submitting the same information as the letters submitted.

ORDERED that within 35 days after entry of this order, the debtor shall file an affidavit establishing the amounts owed on each claim, and establishing the amounts that are excessive, and serve the affidavit on Pitney Bowes, Inc. at the address appearing below.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders;

Pitney Bowes, Inc.
4901 Belfort Road, Ste. 120
Jacksonville, FL 32256
Attention: Grisselle Betancourt
           Bankruptcy Specialist